**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| QUASHON COLLINS, | No. 11-55246 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-07572-PA-SS |
| v. | |
| P.D. BRAZELTON, Acting Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 12, 2014**
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

Quashon Collins, a California state prisoner, appeals the district court's

denial of his petition for the writ of habeas corpus. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  The state court's finding that the trial court adequately considered Collins's second request for substitute counsel did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's factual determination is only unreasonable "if it is so clearly incorrect that it would not be debatable among reasonable jurists." *Jeffries v. Wood*, 114 F.3d 1484, 1500 (9th Cir. 1997) (internal quotation marks and citations omitted), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 n. 4 (9th Cir. 2012) (en banc).

Collins does not dispute that the state court gave him a full hearing when he first asked for substitute counsel pursuant to *People v. Marsden*, 465 P.2d 44 (Cal. 1970). At that hearing, the court allowed Collins to explain why he wanted new counsel. Collins explained that he wanted counsel to request the personnel records of the undercover officer, desired to take his case to trial, and wanted his brother as a witness. The court then questioned Collins's counsel regarding these complaints before denying Collins's request.

At the hearing on Collins's second request to substitute counsel, which is at issue on this appeal, the court asked an open-ended question, "What is your request and why?" In response, Collins raised two issues–the denial of a motion for the undercover's personnel records and counsel's delay in contacting his brother–that had been raised during the first hearing. Further, when the court asked him

whether anything had changed since the last hearing, Collins again complained of counsel's delay in speaking with his brother. Although the second hearing was truncated, given the court's familiarity with Collins's complaints, the state court did not deprive him of an adequate hearing, and its finding that "nothing has changed" since the first *Marsden* hearing was not unreasonable.

2.     To the extent Collins contends that the state court's denial of his *Marsden* request "resulted in a decision that was was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), we disagree for the same reasons stated above.

**AFFIRMED.**